UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KALIEKA D. B.,

    Plaintiff,

   -v-        3:24-CV-371

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>Attorneys for Plaintiff<br>250 South Clinton Street,<br>Suite 210<br>Syracuse, NY 13210 | HOWARD D. OLINSKY, ESQ. |
| SOCIAL SECURITY<br> ADMINISTRATION<br>Attorneys for Defendant<br>6401 Security Boulevard<br>Baltimore, MD 21235 | VERNON NORWOOD, ESQ. |

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 2, 2024, plaintiff Kalieka D. B.[1] ("plaintiff") filed this civil action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act") seeking judicial review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and children's insurance benefits. Dkt. No. 1.

Because plaintiff did not consent to the direct exercise of Magistrate Judge jurisdiction, Dkt. No. 6, the matter was referred to U.S. Magistrate Judge Paul J. Evangelista for a Report & Recommendation ("R&R"), Dkt. No. 15.[2]

On June 24, 2024, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties briefed the matter in accordance with General Order 18, which provides that a district court appeal from the Commissioner's administrative denial of benefits is treated as if the parties have filed cross-motions for judgment on the pleadings, Dkt. Nos. 5, 9, 12.

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only the first name and last initial of plaintiff will be mentioned in this opinion.

[2] This matter was initially assigned to U.S. Magistrate Judge Christian F. Hummel for an R&R, Dkt. No. 6, before being re-assigned to Judge Evangelista on January 16, 2025. Dkt. No. 15.

On August 25, 2025, Judge Evangelista advised by R&R that plaintiff's motion should be denied, that the Commissioner's motion should be granted, and that the Commissioner's final decision should be affirmed.  Dkt. No. 17.

First, Judge Evangelista advised that the ALJ properly considered the medical opinions of two of plaintiff's treating psychiatrists, before concluding that the testimony contained in each was inconsistent with both her prior treatment records and plaintiff's own statements as to her limitations.  Dkt. No. 17.

Judge Evangelista further advised that an ALJ is not required to explicitly address the consistency between these two opinions.  *Id*.  Indeed, Judge Evangelista advised that the ALJ performed an in-depth review of the record in assessing plaintiff's symptoms and gave proper acknowledgment to both normal and more significant findings in the record.  Dkt. No. 17.

Further, insofar as the ALJ failed to explicitly state that the two psychiatric opinions deemed to be unpersuasive were consistent with one another, Judge Evangelista advised that the ALJ nevertheless explained in great detail why these opinions were both inconsistent with the overall medical record.  Dkt. No. 17.  Judge Evangelista further advised that, even where an ALJ fails to discuss the consistency between two opinions, such a comparison is not required.  *Id*.  Thus, Judge Evangelista recommended finding that the ALJ provided a reasonable analysis to establish that the two

medical opinions regarding plaintiff's limitations were sufficiently inconsistent with plaintiff's regular ability to perform certain activities. *Id*.

Finally, Judge Evangelista advised that, insofar as the ALJ failed to explicitly discuss certain aspects of plaintiff's hearing testimony, the ALJ had clearly reviewed the medical records reflecting the same findings set forth in plaintiff's testimony and thus did not fail to consider the hearing testimony or otherwise ignore the "devastating history" set forth therein. Dkt. No. 17.

Plaintiff has lodged an objection. Dkt. No. 18. In brief, plaintiff argues Judge Evangelista erred in finding the ALJ did not commit legal error by relying on testimony as to plaintiff's daily living activity and/or cooperation with medical providers in concluding that she was not as limited as the two treating psychiatrists had opined. *Id*. Upon *de novo* review, Judge Evangelista's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: September 10, 2025
Utica, New York.